# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:17-cv-201-FDW

| | |
|---|---|
| SHAWN GERMAINE FRALEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU SPAVENTA, et al., ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). 28 U.S.C. § 1915(e)(2). Plaintiff has been granted in forma pauperis status. (Doc. No. 8).

## I. BACKGROUND

Pro se Plaintiff Shawn Germaine Fraley, a North Carolina inmate incarcerated at Lanesboro Correctional Institution in Polkton, North Carolina, filed this action on November 3, 2017, pursuant to 42 U.S.C. § 1983. Plaintiff has named the following three Defendants, identified as employees at Alexander Correctional Institution at all relevant times: (1) FNU Spaventa, identified as a correctional officer at Alexander; (2) FNU Walker, identified as a correctional officer at Alexander; and (3) FNU Poteat, identified as a Unit Manager at Alexander. Plaintiff alleges that on May 20, 2017, at 10:00 pm, while Plaintiff was incarcerated at Alexander in C-block on the Red Unit, Defendants Spaventa and Walker physically and sexually assaulted Plaintiff. Specifically, Plaintiff alleges that Officer Spaventa assaulted Plaintiff while Plaintiff was

1

in his cell, punching him in the face three times while Plaintiff was handcuffed behind his back, leaving the left side of Plaintiff's face swollen.  Plaintiff also alleges that Defendant Walker assaulted Plaintiff sexually, while handcuffing Plaintiff behind his back, by "placing his penis" on Plaintiff.  Finally, as to Defendant Poteat, Plaintiff alleges that Poteat was the Unit Manager at Alexander and violated Plaintiff's due process rights by refusing to allow Plaintiff to have a disciplinary hearing, and that Plaintiff was found guilty of certain, unspecified charges, without a hearing.  Plaintiff seeks injunctive relief and compensatory damages.

## II.     STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2).  Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios.  Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

First, as to Plaintiff's claims of excessive force and sexual assault against Defendants Spaventa and Walker, the Eighth Amendment prohibits the infliction of "cruel and unusual punishments," U.S. CONST. amend. VIII, and protects prisoners from the "unnecessary and wanton infliction of pain," Whitley v. Albers, 475 U.S. 312, 319 (1986). To establish an Eighth Amendment claim, an inmate must satisfy both an objective component–that the harm inflicted was sufficiently serious–and a subjective component–that the prison official acted with a sufficiently culpable state of mind. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). In adjudicating an excessive force claim, the Court must consider such factors as the need for the use of force, the relationship between that need and the amount of force used, the extent of the injury inflicted, and, ultimately, whether the force was "applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Albers, 475 U.S. at 320-21. Furthermore, the Supreme Court has reiterated that "[a]n inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury." Wilkins v. Gaddy, 130 S.Ct. 1175, 1178-79 (2010). In Wilkins v. Gaddy, the Supreme Court observed:

> This is not to say that the "absence of serious injury" is irrelevant to the Eighth Amendment inquiry. "[T]he extent of injury suffered by an inmate is one factor that may suggest 'whether the use of force could plausibly have been thought necessary' in a particular situation." The extent of injury may also provide some indication of the amount of force applied. As we stated in Hudson, not "every malevolent touch by a prison guard gives rise to a federal cause of action." "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort repugnant to the conscience of mankind." An inmate who complains of a "push or shove" that causes no discernible injury almost certainly fails to state a valid excessive force claim. Injury and force, however, are only imperfectly correlated, and it is the latter that ultimately counts.

3

Id. at 1178-79 (citations omitted).

Next, as to Plaintiff's claim of a due process violation against Defendant Poteat based on Plaintiff's allegations that he was found guilty of a disciplinary infraction without being granted a disciplinary hearing, it is well established that, in prison disciplinary proceedings that bring the possible loss of good conduct credits, a prisoner is entitled to certain due process protections. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974). These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision. Wolff, 418 U.S. at 564-71.

The Court finds that, taking Plaintiff's allegations as true for the purposes of initial review, and construing all inferences in Plaintiff's favor, this action survives initial screening as to Plaintiff's claims against Defendants.

### IV. CONCLUSION

In sum, the Complaint survives initial review under 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), survives initial review.
2. The Clerk shall send Plaintiff a summons forms to fill out so that service may be made on Defendants. Once the Court receives the summons forms, the U.S. Marshal shall effectuate service on Defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

Signed: March 8, 2018

4

Frank D. Whitney
Chief United States District Judge